UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DEBORAH POLIMENI,**<br><br>                              Plaintiff,<br>   -vs-<br><br>**COAST PROFESSIONAL, INC.,**<br><br>                              Defendant. | *Civil Action No.* _____ |

## COMPLAINT & DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff Polimeni brings this action for actual and statutory damages resulting from the Defendant's various violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), a law that prohibits debt collectors from using abusive, deceptive, and unfair practices in an attempt to collect a debt.

### JURISDICTION & VENUE

2. This honorable Court possesses jurisdiction over this matter pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Additionally, venue in this district arises pursuant to 28 U.S.C. §1391(b) since the Defendant transacts business here and the conduct complained of occurred here.

### PARTIES

4. Plaintiff Deborah Polimeni is a natural person residing in the County of Monroe, State of New York, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Coast Professional, Inc., (hereinafter "CPI") is a foreign business corporation organized and existing under the laws of the State of California and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Any and all acts of the Defendant hereinafter alleged were performed by Defendant's employees, while under the scope of the Defendant's actual or apparent authority.

7. Any and all references to "Defendant" herein shall include the Defendant and/or an employee of the Defendant.

## FACTUAL ALLEGATIONS

8. That Plaintiff Polimeni allegedly incurred and later allegedly defaulted on a debt to the US Department of Education ("the alleged creditor").  Said alleged debt will hereinafter be referred to as "the subject debt."

9. The subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5), as it allegedly arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

10. That upon information and belief, Defendant CPI was employed by the alleged creditor following the Plaintiff's alleged default, in order to collect payment on the subject debt.

11. That on or about December 23, 2010, Plaintiff Polimeni received a telephone call from CPI at her place of employment.  Upon answering Defendant's telephone call, she was immediately asked a number of questions by a male representative who failed to identify himself or CPI.  Believing that she was speaking with the alleged creditor directly (with whom she had recently disputed the subject debt in writing and otherwise requested validation of the debt), Mrs. Polimeni answered all of the questions asked of her.

12. That as the aforementioned telephone conversation ensued, Plaintiff Deborah Polimeni took the opportunity to again request documentation validating the alleged subject debt balance, however, Defendant CPI falsely purported that letters establishing the same had already been mailed to her.  Upon notifying Defendant that she had received no letters regarding validation of the subject debt, Defendant accused Mrs. Polimeni of lying and thereafter transferred her to a male "supervisor."

13. That immediately upon being connected to the purported "supervisor," Plaintiff Deborah Polimeni was berated and threatened.  Among other things, Defendant told Mrs. Polimeni that she *would* be paying him $260.00 by Monday, December 27, 2010, or else he would report her as being "uncooperative" and otherwise "unwilling to pay," and Defendant would thereafter "immediately" initiate "garnishment" of her wages.

14. That when Mrs. Polimeni explained that she did not have that much money, especially around the holiday (i.e. Christmas), Defendant CPI curtly replied that it wasn't "[his] fault that [she didn't] know how to pay [her] bills."  When Plaintiff Polimeni began to plead with Defendant to understand her circumstances and the situation, Defendant simply declared that there was "nothing more to talk about" and that he "would" begin the aforementioned garnishment proceedings on Monday, the 27th of December.

15. That upon hearing Defendant's threats, Plaintiff Polimeni immediately offered to begin making payments by the third week in January, despite the fact that she still disputed the validity of the debt. However, Defendant menacingly replied that Mrs. Polimeni "shouldn't have gotten [herself] in this situation," and ended the telephone call shortly thereafter.

16. That the aforementioned telephone conversation with Defendant CPI, which was laced which abusive language and menacing tones, left Plaintiff Deborah Polimeni in tears and highly distraught.

17. That at no point during the aforementioned telephone conversation did Defendant CPI provide Plaintiff Deborah Polimeni with meaningful disclosure of Defendant's identity, nor did Defendant inform her that CPI was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.

18. That immediately following the conclusion of the aforementioned telephone conversation, Mrs. Polimeni began contacting individuals she knew in order to ask that they lend her the money to pay Defendant (in the hopes of avoiding immediate garnishment of her wages).

19. That despite Defendant CPI's aforementioned threats, they lacked the intent and authority to "immediately" garnish Plaintiff's wages.

20. That Plaintiff Deborah Polimeni thereafter placed a check for $210.00 (all she could borrow), as well as a letter disputing the subject debt, in an overnight delivery package and mailed the same to the attention of the alleged creditor hoping to avoid the feared garnishment of her wages.

21. That on Monday, December 27, 2010, Plaintiff Deborah Polimeni called the alleged creditor to ask whether the payment had been received and whether garnishment of her wages would be avoided. It was at that time that she was notified that the individuals she spoke with on or about December 23, 2010, were in fact third party debt collectors working for CPI and that she must deal with them directly to resolve the subject debt situation.

22. That as a result of Defendant CPI's abusive, threatening and unfair conduct, Plaintiff Deborah Polimeni became extremely distraught, frightened, anxious, nervous, upset, embarrassed and otherwise suffered from emotional distress. In addition, Plaintiff incurred actual damages in the form of borrowed money in the amount of $210.00.

## CAUSE OF ACTION

23. The aforementioned acts and omissions of the Defendant have violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

24. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse the hearer, by:
    a. Accusing Plaintiff of lying;
    b. Berating and threatening Plaintiff Polimeni;
    c. Telling Mrs. Polimeni that she *would* be paying him $260.00 by Monday, December 27, 2010, or else he would report her as being "uncooperative" and otherwise "unwilling to pay," and Defendant would thereafter "immediately" initiate "garnishment" of her wages;
    d. Replying that it wasn't "[his] fault that [she didn't] know how to pay [her] bills;"
    e. Declaring that there was "nothing more to talk about" and that Defendant "would" begin the aforementioned garnishment proceedings on Monday, the 27th of December; and
    f. Menacingly telling that Mrs. Polimeni that she "shouldn't have gotten [herself] in this situation."
25. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(6) by placing a call to Plaintiff Polimeni without providing meaningful disclosure of the CPI's identity.
26. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(4), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(8), 15 U.S.C. §1692e(10) and 15 U.S.C. §1692f, by:
    a. Telling Mrs. Polimeni that she *would* be paying him $260.00 by Monday, December 27, 2010, or else he would report her as being "uncooperative" and otherwise "unwilling to pay," and Defendant would thereafter "immediately" initiate "garnishment proceedings" for her wages to be taken; and
    b. Declaring that there was "nothing more to talk about" and that Defendant "would" begin garnishment of her wages on Monday, the 27th of December.
27. Defendant violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(11) by failing to inform Plaintiff Polimeni that Defendant was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose.
28. Defendant violated 15 U.S.C. §1692g(a) by failing to provide Plaintiff Polimeni with a written notice of the subject debt and her rights as a "consumer."
29. Because of the Defendant CPI's various aforementioned violations of the FDCPA, Plaintiff Polimeni became extremely upset, frightened, nervous, anxious and otherwise suffered from emotional distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this honorable Court enter judgment against the Defendant for:

(a) Actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

(b) Statutory damages of $1,000.00, pursuant to 15 U.S.C. §1692k(a)(2)(A);

(c) Costs and disbursements of this action, together with reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); *and*

(d) For any and all additional relief as this honorable Court may deem just and proper.

## JURY DEMAND

Please take notice that Plaintiff Polimeni demands a trial by jury in this action.

Date: March 7, 2011

/s/Frank J. Borgese
Frank J. Borgese, Esq.
Graham Law, P.C.
*Attorneys for the Plaintiff*
1207 Delaware Ave., Suite 202
Buffalo, New York 14209
fborgese@grahamlawpc.com
716.200.1520